CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
AT ALBUQUERQUE NM
JAN - 7 2000
ROBERT M. MARCH
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Respondent,

v.

No. CIV-99-1203 LH/RLP
CR-99-463 LH (HB)

EFREN GONZALEZ-GARCIA

Defendant-Movant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed October 15, 1999. On April 30, 1999, the Court accepted Defendant's guilty plea of reentering the United States as a deported alien in violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2). At sentencing, Defendant's imprisonment range was calculated at 57-71 months, based on an increase under U.S.S.G. § 2L1.2(b)(1)(A) for the earlier deportation resulting from a conviction for an aggravated felony. The Court then sentenced Defendant under Fed.R.Crim.P. 11(e)(2) to a 24-month term of imprisonment. Defendant now contends his offense level was improperly calculated because the felony which resulted in deportation was not classified as "aggravated" when it was committed. As a result, he argues, his sentence is illegal because the correct maximum sentence was less than the 24 months imposed by the Court.

Defendant's retroactivity claim does not survive scrutiny. He argues that his sentencing range for the instant offense was incorrectly based on a 1986 felony that was not classified as an "aggravated" felony until 1990. Such claims have been uniformly rejected by the Court of Appeals for the Tenth Circuit. The general rule is that "application of the amended guidelines to pre-amendment relevant conduct does not violate the ex post facto clause." *United States v. Svacina*,



137 F.3d 1179, 1188 (10th Cir.1998). More specifically, as stated by the court in *United States v. Cabrera-Sosa*, 81 F.3d 998, 1001 (10th Cir. 1996), "The penalties were unambiguous when [Defendant] reentered the country..., and subsequent changes in the law have not been applied to his detriment." In other words, the punishment for the <u>instant</u> offense of reentry has not changed since the offense occurred, and thus Defendant's sentence did not result from a retroactive application of law to his offense. "Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed <u>when the crime was consummated</u>." *Weaver v. Graham*, 450 U.S. 24, 30 (1981) (underlining added), *quoted in Svacina*, 137 F.3d at 1189. Under binding precedent, no relief is available on Defendant's claims, and the § 2255 motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed October 15, 1999, is DENIED.

UNITED STATES DISTRICT JUDGE